Corwin, C. J.
This is a writ of certiorari to the court of common pleas of Trumbull county, reserved by the district court for decision here.
The only question presented for our consideration is, whether a justice of the peace in Ohio may lawfully render a judgment upon the waiver of process and confession of judgment by an agent or attorney, in the absence of the party against whom it is rendered.
It is a familiar proposition, that what one does by another, he does himself; and it need not be stated that a man may authorize another to do for him whatever he may lawfully do himself; but this is only true, as a general proposition, when *the agent .appointed may himself execute the powers conferred. If the performance of the trust, or execution of the powers, involves the employment of another agency not having the capacity for its execution, the power itself can not be effective. In any proper form, one may delegate to another complete authority to regulate, control, ■dispose of, receive and receipt for his property, of whatever description ; but he" can not, by any form of commission, whatever the powers of the agent may be, confer upon a justice of the peace, or other court of limited jurisdiction, a power not conferred by the statute. Whilst any competent person may, by his own act or contract, dispose of his rights and property at his discretion, yet they ■can not be disposed of by the judgment of a court having no jurisdiction over the subject. And when a general jurisdiction of the .subject-matter exists, but the statute has prescribed the mode and particular limits in which it may be exercised, it must be confined to the limits thus prescribed, and can not be exercised in any other manner, nor upon any other terms.
*323 The legislature has -wisely limited the civil jurisdiction of justices’ courts to the subjects mentioned in the “act defining the powers and duties of justices and constables, in civil cases,” passed March 14, 1831, Swan’s Stat. 505; and any attempt by such court to exercise judicial authority, not therein delegated, or in a manner different from that prescribed, is utterly void.
The first section of the act before referred to, provides : “ That the jurisdiction of justices of the peace, in civil cases, shall, until otherwise directed by law, be limited to' the townships wherein they may have been elected, and where they shall reside.
“ Second. They shall have cognizance, under the restrictions and limitations hereinafter provided, of any sum not exceeding one hundred dollars.
“ Third. But if, however, any debtor shall appear before a justice of the peace, without pi-ocess, and confess that he is indebted to another, it shall be lawful for such justice, on the *application of the creditor, to render judgment, on such confession? against the debtor, for any sum not exceeding two hundred dollars'.”
By section 12 of the same act, it is provided, with certain exceptions, that no person who is a householder or freeholder, resident of a county, shall be held to answer an action before a justice of the peace in any other township of the county than that in which he shall reside.
From these provisions, it is plain'that the jurisdiction of a justice of the peace is limited, both as to the amount of its judgments, whether rendered upon trial or confession, and limited also in its territorial extent.
It is not in the power of’a justice of the peace to institute and maintain an action against a householder of his county, residing in any other township than that of the residence of the justice, nor to render a judgment against any resident of his own township, for a sum greater than one hundred dollars, except in cases where the “ debtor shall appear, without process, and confess that he is indebted to another,” etc. And even upon such appearance, waiver of process, and confession of a debtor, the justice of the peace has no general power to render judgment upon such confession ; but ho may not entertain such confession, and render judgment thereon, unless the indebtedness, so confessed, shall be within the sum of two hundred dollars.
*324 We are of opinion that the legislature, in adopting these provisions, did not intend to extend the jurisdiction of justices beyond the sum of one hundred dollars, except in cases where a debtor-should appear in person, before the justice, and waiving process, confess the debt preferred against him. And except upon such personal appearance, waiver, and confession of the debtor, jui’isdietion can only be acquired by the issuing and service of process.
The same objections do not apply to judgments upon cognovit in courts of record. Eor here the confession for the party is made by an attorney of the court, who is resjionsible .to the court and to the party for his professional action, *and the legislature have thrown around a party to such a judgment, by confession in a court of competent jurisdiction, such guards and remedies as will effectually protect him from fraud, oppression, and imposition.
We will not, by construction, extend the jurisdiction of a justice’s court beyond the letter and probable jmlicy of the statute-creating it, especially in a class of cases where it is proverbial that its exercise is so frequently invoked solely for the more successful accomplishment of little schemes of extortion and oppression.
The jurisdiction of a justice of the peace over any subject-matter, can not be derived from a warrant of attorney; and as it is not derived from the statute, we are at a loss for the source of the jurisdiction exercised in this case in the court below; and the judgment is therefore reversed. • ■

Judgment reversed.

Thurman, J., dissented.